SENTELLE, Senior Circuit Judge,
dissenting:
I respectfully cannot join my colleagues’ opinion and judgment denying the petition for review. I dissent, not because I disagree with my colleagues’ reasoning, nor because I would sustain the petition. Rather, I would dismiss the petition for lack of standing. Therefore, I would not reach the merits of the case, and I express no disagreement with my colleagues’ decision on the same.
As the majority rightly notes, we must address standing “at the threshold.” Maj. Op. at 596 (citing Center for Biological Diversity v. Dep’t of Interior, 563 F.3d 466, 475 (D.C.Cir.2009)). “The party invoking federal jurisdiction,” in this case petitioner, “bears the burden of establishing [standing].” Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Petitioner, Center for Sustainable Economy (CSE), has not borne that burden. CSE asserts that it has associational standing. To establish associational standing to bring an action on behalf of its members, an association must bear its burden with respect to three elements, showing that:
(1) its members would otherwise have standing to sue in their own right;
(2) the interests it seeks to protect are germane to the organization’s purpose; and
(3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
Hunt v. Wash. State Apple Adver. Comm’n, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). In its original filings, CSE failed to show even that it was a membership organization of the sort recognized in precedent as capable of asserting associational standing under Hunt. It was only after oral argument *613 that CSE, at this court’s prompting, came forward to file its bylaws and other evidence purporting to show its standing to bring this action. Intervenor American Petroleum Institute objects that it would be inappropriate for the court to rely on that post-argument submission. I agree.
In 2002, this “court was compelled to remind all petitioners of first principles, namely, they must assure us that they meet Article Ill’s case or controversy requirement if their standing is not ‘self evident’ from the record.” Americans for Safe Access v. Drug Enforcement Admin., 706 F.3d 438, 452 (D.C.Cir.2013) (Henderson, J., dissenting) (quoting Sierra Club v. EPA 292 F.3d 895, 900 (D.C.Cir.2002)). Lest there be any question as to our own jurisdiction to create such a quasi-legislative rule in an opinion as the one announced in Sierra Club, we thereafter codified the mandate in D.C. Circuit Rule 28(a)(7):
In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. This section, entitled “Standing,” must follow the summary of argument and immediately precede the argument. When the appellant’s or petitioner’s standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing. See Sierra Club v.. EPA 292 F.3d 895, 900-01 (D.C.Cir.2002). If the evidence is lengthy, and not contained in the administrative record, it may be presented in a separate addendum to the brief. If it is bound with the brief, the addendum must be separated from the body of the brief (and from any other addendum) by a distinctly colored separation page. Any addendum exceeding 40 pages must be bound separately from the brief.
As Judge Henderson notes in her Americans for Safe Access dissent, “our precedent and our rules seem to have been honored more in the breach than in compliance,” 706 F.3d at 453, as we have repeatedly been forgiving of the obligation imposed on but unmet by litigants. See, e.g., Americans for Safe Access, supra; Pub. Citizen, Inc. v. Nat’l Highway Traffic Safety Admin., 489 F.3d 1279, 1297 (D.C.Cir.2007); see also id. at 1297-99 (Sentelle, J., dissenting).
I am particularly troubled by our departure from the rule in the present case, because I am not convinced that petitioner has established standing, even in the late-filed support.
As noted above, associational standing requires the association to show that
(1) its members would otherwise have standing to sue in their own right;
(2) the interests it seeks to protect are germane to the organization’s purpose; and
(3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.
Maj. Op. at 596 (quoting Hunt, 432 U.S. at 343, 97 S.Ct. 2434). It would appear to me that the current claim of associational standing founders on the relationship between the first and second elements. Petitioner asserts that two named members of the association have established “that their economic and aesthetic interests would be harmed by additional leasing in the Gulf of Mexico and the Beaufort and Chukchi Seas off the Alaskan coast.” Petitioner claims germaneness on the basis of CSE’s purpose, as stated in its bylaws, e.g., “‘[t]o work through administrative and legal processes to promote public policies, plans, and programs that are grounded on ecologically sound and economically sustainable principles.’ ” Maj. Op. at 597 (quoting CSE Bylaws Art. I, § 1). The majority may be correct that the members have *614 standing based on their aesthetic and economic interest, but those are not the same interests claimed by petitioner in the ger-maneness assertion. The purpose claimed by petitioner does not represent the sort of interests which we normally hold protected in standing analysis. Political and philosophical interests are normally protected, if at all, by the political branches, not the courts. See, e.g., Gettman v. Drug Enforcement Admin., 290 F.3d 430, 433 (D.C.Cir.2002) (“Mere interest as an advocacy group is not enough [to establish standing].”). It would seem to me self-evident that for the first two elements to serve the function of establishing substitute standing, an Article III jurisdictional requirement, they must encompass the protection of the same interest. A book club could not assert associational standing to bring a tort action on behalf of one of its members bitten by a stranger’s dog. I question whether even the late-filed material establishes the standing element of jurisdiction.
Because I am unconvinced that standing was ever established, I respectfully dissent.